UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:11-CR-00094-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| ALBERT THOMAS WENDFELDT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant Albert Thomas Wendfeldt's ("Wendfeldt") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Doc. #36.[1] The United States filed a Response (Doc. #40), to which Wendfeldt did not reply.

**I.  Factual Background**

On August 10, 2011, Wendfeldt was indicted by a federal grand jury on one count of Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii). Doc. #1. On August 30, 2011, federal public defender Cynthia S. Hahn ("Hahn") was appointed counsel for Wendfeldt. Doc. #11. On February 2, 2012, Wendfeldt withdrew his previous plea of not guilty and entered a plea of guilty. Doc. #20. In the Plea Agreement, Wendfeldt stipulated to the following:

---

[1] Refers to the Court's docket number.

> A Nevada Highway Patrol officer conducted a traffic stop of the defendant's vehicle on Interstate 80 on July 11, 2011. After a drug detection dog alerted on the defendant's vehicle, a search warrant was obtained for the vehicle. During a search of the vehicle trunk, the officer found approximately 65 grams of actual methamphetamine and three firearms. These items were found in locked containers.

Doc. #21, p. 5. On May 11, 2012, the Court entered judgment against Wendfeldt and sentenced him to a mandatory minimum of 120 months' imprisonment to be followed by five years' supervised release. Doc. #26.

On April 22, 2013, Wendfeldt, acting *pro se*, timely filed the present Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 before the Court. Doc. #36. Pursuant to the Court's May 9, 2013 Order (Doc. #38), the United States filed a Response on June 24, 2013. Doc. #40.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005). In his Motion, Wendfeldt asserts three grounds for relief: (1) conviction obtained by use of coerced confession; (2) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and (3) denial of effective assistance of counsel. *See* Doc. #36, pp. 13-14.

## III. Discussion

### A. Use of Coerced Confession

Wendfeldt may not collaterally challenge his sentence on this ground because he expressly waived his right to do so in the plea agreement, which provides:

> The defendant waives all collateral challenges, including any claims under 28, United States Code, Section 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable

2

claims of ineffective assistance of counsel.

Doc. #21, ¶11. "A waiver of rights of appeal or collateral attack 'is enforceable if appellant knowingly and voluntarily waives her rights and the language of the waiver covers the grounds raised on appeal.'" *Ceja v. United States*, Nos. CV F 08-0909 AWI, CR F 06-0387 AWI, 2010 WL 4806904, at *2 (E.D. Cal. Nov. 18, 2010) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). Here, the record reflects that Wendfeldt knowing and voluntarily waived his right to appeal on this ground. *See* Doc. #30, pp. 15-18, 20.

Moreover, to the extent Wendfeldt challenges his guilty plea as having been coerced and thus involuntary entered, he waived the issue by failing to raise it on direct appeal. Indeed, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Accordingly, the Court finds that Wendfeldt may not challenge the use of a coerced confession in the present § 2255 Motion.

**B.     Use of Evidence Gained Pursuant to Unconstitutional Search and Seizure**

For the aforementioned reasons, the Court also finds that Wendfeldt's Fourth Amendment claims are waived. In addition to the express waiver in the plea agreement, "it is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) (citing *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997); *United States v. Cortez*, 973 F.2d 764, 766 (9th Cir. 1992)). By entering an unconditional plea, Wendfeldt waived his right to challenge pre-plea claims of constitutional error, including those related to the use of evidence obtained in an illegal search and seizure. Finally, Fourth Amendment claims are not cognizable in § 2255 proceedings. *See Stone v. Powell*, 428 U.S. 465, 486-89 (1976) (prohibiting Fourth Amendment claims in collateral proceedings). Accordingly, the Court finds that Wendfeldt may not challenge the use of evidence gained pursuant to an unconstitutional search and seizure in the present § 2255 Motion.

### C.     Denial of Effective Assistance of Counsel

A criminal defendant has the right to effective assistance of counsel at all critical stages of a prosecution, including during plea negotiations. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To establish ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and (2) that the petitioner was prejudiced as a result of this performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The standard of review is highly deferential and the reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all of the circumstances. *Id.* at 689. As to the second prong, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (citing *Strickland*, 466 U.S. at 688-89).

Here, Wendfeldt asserts that he was denied effective assistance of counsel when Hahn failed to conduct an investigation into whether the search of his vehicle was legal and failed to pursue a motion to suppress the evidence seized as a result thereof. *See* Doc. #36, pp. 3-4. Although *Stone v. Powell*, 428 U.S. 465 (1976), prohibits Fourth Amendment claims on collateral review, the Supreme Court has held that the *Stone* prohibition does not extend to ineffective assistance of counsel claims based on Fourth Amendment violations. *See Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986). Indeed, "a single, serious error may support a claim of ineffective assistance of counsel"—including counsel's failure to file a motion to suppress. *Id.* at 383. "In applying the deficient performance prong of *Strickland* to cases in which the alleged ineffective assistance consists of counsel's failure to file such a motion, the Court has stated that the underlying claim—the claim purportedly requiring suppression—must be 'meritorious.'" *Moore v. Czerniak*, 574 F.3d 1092, 1101 (9th Cir. 2009) (citing *Kimmelman*, 477 U.S. at 375, 382; *Ortiz-Sandoval v.*

4

*Clarke*, 323 F.3d 1165, 1170 (9th Cir. 2003)), rev'd on other grounds by *Premo v. Moore*, 131 S.Ct. 733 (2011).  Nevertheless, "the failure to file a meritorious suppression motion does not constitute *per se* ineffective assistance of counsel." *Id.* (quoting *Kimmelman*, 477 U.S. at 384) (internal quotation marks omitted).  Rather, a petitioner must still show that his counsel's failure to file the meritorious motion to suppress fell below an objective standard of reasonableness.  *Id.* (citing *Strickland*, 466 U.S. at 688); *see also Premo*, 131 S.Ct. at 742-43 (reversing and remanding on the ground that state court was not unreasonable in concluding that representation was adequate where counsel determined that suppression, even if successful, would have been futile).  Finally, in the plea bargaining context, a petitioner must show "a reasonable probability that, but for counsel's [failure to file the meritorious motion to suppress], he would not have pleaded guilty and would have insisted on going to trial." *Premo*, 131 S.Ct. at 745 (quoting *Lockhart*, 474 U.S. at 59) (internal quotation marks omitted).

To the extent Wendfeldt's claim of ineffective assistance of counsel is premised on Hahn's failure to investigate the legality of the search and failure to pursue a motion to suppress the evidence seized as a result thereof, the Court finds that the record is inadequate to determine whether Wendfeldt's claim has merit.  Specifically, the Court cannot determine whether a motion to suppress the evidence seized as a result of the search would have been meritorious.  The factual stipulation in the plea agreement provides:

> A Nevada Highway Patrol officer conducted a traffic stop of the defendant's vehicle on Interstate 80 on July 11, 2011.  After a drug detection dog alerted on the defendant's vehicle, a search warrant was obtained for the vehicle.  During a search of the vehicle trunk, the officer found approximately 65 grams of actual methamphetamine and three firearms.  These items were found in locked containers.

Doc. #21, p. 5.  However, the Presentence Investigation Report indicates that Wendfeldt's detention was prolonged after the initial traffic stop had concluded (i.e., after the trooper gave Wendfeldt a verbal warning and informed him that he was free to leave) for further questioning and a canine inspection of the outside of the vehicle.  PSR, ¶¶9-10.  Nevertheless, without further factual development as to the scope and duration of the traffic stop, the Court cannot determine

whether it ran afoul of the Fourth Amendment. *See United States v. Turvin*, 517 F.3d 1097, 1101 (9th Cir. 2008) ("whether questioning unrelated to the purpose of the traffic stop and separate from the ticket-writing process that prolongs the duration of the stop may nonetheless be reasonable" is a fact-specific inquiry that must account for the "totality of the circumstances"). Accordingly, the Court finds that an evidentiary hearing is warranted to determine the legality of the stop and subsequent search. Additionally, the Court is of the view that Wendfeldt should be represented by counsel for purposes of the evidentiary hearing.

IT IS THEREFORE ORDERED that an evidentiary hearing shall be scheduled following Wendfeldt's return to custody in Washoe County and his appointment of counsel.

IT IS FURTHER ORDERED that the United States Marshals Office and the Bureau of Prisons shall make appropriate arrangements for Wendfeldt's return to custody in Washoe County.

IT IS FURTHER ORDERED that counsel shall be appointed from the CJA panel for the limited purpose of representing Wendfeldt at the aforementioned evidentiary hearing.

IT IS SO ORDERED.

DATED this 3rd day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE