UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:11-CR-00094-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| ALBERT THOMAS WENDFELDT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court are Objections filed by the State of Nevada (Doc. #32)[1] and the United States (Doc. #33) objecting to this Court's July 6, 2012 Order denying the United States' Motion to Correct Sentence of Albert T. Wendfeldt ("Wendfeldt") (Doc. #29).

On July 11, 2011, Nevada Highway Patrol ("NHP") Trooper Eric Lee ("Trooper Lee") observed Wendfeldt's vehicle, which was traveling in the outside lane of Highway 80, drive onto the north fog line two or three times within one mile. In his report, Officer Lee noted that the driver of the vehicle had violated Nevada Revised Statute ("NRS") 484.305,[2] which provides that "[i]f a highway has two or more clearly marked lanes for traffic traveling in one direction, vehicles must: (a) Be driven as nearly as practicable entirely within a single lane." During the stop, Trooper Lee asked Wendfeldt a number of questions, mostly related to his occupation and travel plans.

---

[1] Refers to the Court's docket entry number.

[2] NRS 484B.223(1) was substituted in revision for 484.305(1).

1   After nearly thirteen minutes, dispatch confirmed Wendfeldt's license and registration were in
2   order, and Trooper Lee told Wendfeldt that he was free to leave.  As Wendfeldt walked back
3   toward his car, Trooper Lee asked "can I search your vehicle?"  Wendfeldt responded "no sir."
4   Trooper Lee then said "why don't you stand right over there," referring to a location away from
5   Wendfeldt's vehicle and near the police vehicle.  Next, Trooper Lee returned to his patrol car and
6   took out his canine "Petey" and then walked the dog around Wendfeldt's vehicle, where the dog
7   positively alerted in the area of a passenger door.  Trooper Lee then detained Wendfeldt and
8   applied for a search warrant.  A search of the vehicle yielded discovery of sixty-five grams of
9   methamphetamine, plastic bags, a digital scale, two handguns, and a shotgun.

10          On August 10, 2011, Wendfeldt was indicted by a federal grand jury on one count of
11  Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1)
12  and 841(b)(1)(A)(viii).  Doc. #1.  On August 30, 2011, federal public defender Cynthia S. Hahn
13  ("Hahn") was appointed counsel for Wendfeldt.  Doc. #11.  On February 2, 2012, Wendfeldt
14  withdrew his previous plea of not guilty and entered a plea of guilty.  Doc. #20.  In the Plea
15  Agreement, Wendfeldt stipulated to the following:

16          A Nevada Highway Patrol officer conducted a traffic stop of the defendant's vehicle
            on Interstate 80 on July 11, 2011.  After a drug detection dog alerted on the
17          defendant's vehicle, a search warrant was obtained for the vehicle.  During a search
            of the vehicle trunk, the officer found approximately 65 grams of actual
18          methamphetamine and three firearms.  These items were found in locked containers.

19  Doc. #21 at 5.  As part of this plea agreement, Wendfeldt also agreed to forfeit $2,890.00 to the
20  State of Nevada.  *See id*.  On May 11, 2012, the Court entered judgment against Wendfeldt and
21  sentenced him to a mandatory minimum of 120 months imprisonment to be followed by five years'
22  supervised release.  Doc. #26.

23          On May 2, 2012, Wendfeldt executed a Stipulation for Compromise in the state court civil
24  forfeiture proceeding whereby Wendfeldt would forfeit $2,540.00 to the State of Nevada and retain
25  $350.  Doc. #32, Ex. 2.  On May 16, 2012, the Second Judicial District Court of the State of
26  Nevada for Washoe County approved this settlement.  *See* Doc. #32, Ex. 4.  Unaware of the state

court civil forfeiture action, the United States filed a motion to correct Wendfeldt's sentence, arguing that the sentence should have included the forfeited funds. Doc. #25; Doc. #33. The Court denied this Motion on July 6, 2012. Doc. #29.

At issue here are two objections to the Court's July 6, 2012 Order that the United States and NHP return cash in the amount of $2,890.00 to Wendfeldt. Doc. #29. In its Objection, the State of Nevada referred to the Stipulation in which Wendfeldt agreed to forfeit $2,540 to the State of Nevada and retain $350. Doc. #32, Ex. 2 at 2. In response to these objections, Wendfeldt conceded his ownership of the $2,540. Doc. #34 at 1. "On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property" identified after the original order was entered. Fed. R. Civ. P. 32.2(e)(1).

In a separate Order, this Court has granted Wendfeldt's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Doc. #50. The Court found that the initial stop of Wendfeldt was not supported by reasonable suspicion, and that a motion to suppress the evidence against Wendfeldt would have been successful. The Court also found that the second seizure of Wendfeldt, after Trooper Lee said he was free to go, violated the Fourth Amendment. The Court granted Wendfeldt's § 2255 motion because Wendfeldt met his burden to establish ineffective assistance of counsel based on the failure to file a motion to suppress. In light of the Court's Order setting aside Wendfeldt's conviction, the issue of forfeiture is moot. Accordingly, the Court denies the State of Nevada and United States' objections as moot.

IT IS THEREFORE ORDERED that the State of Nevada's Objection (Doc. #32) is OVERRULED as moot.

IT IS FURTHER ORDERED that the United States' Objection (Doc. #33) is OVERRULED as moot.

IT IS SO ORDERED.

DATED this 7th day of November, 2014

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3