1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                               DISTRICT OF NEVADA
8                                      * * *
9   UNITED STATES OF AMERICA,        )
                                     )
10          Plaintiff,               )        3:11-CR-00094-LRH-VPC
                                     )
11  v.                               )
                                     )        ORDER
12  ALBERT THOMAS WENDFELDT,         )
                                     )
13          Defendant.               )
    _____ )
14

15          On November 7, 2014, this Court granted Albert Thomas Wendfeldt's ("Wendfeldt")

16  petition to vacate, set aside or correct his sentence under 18 U.S.C. § 2255.  Doc. #50.[1]  The Court

17  held a hearing on November 13, 2014, to consider the parties' arguments regarding whether

18  Wendfeldt should be detained or released while the United States considers an appeal.  The United

19  States submitted a Memorandum arguing that Wendfeldt should remain in custody (Doc. #54) and,

20  at the request of the court, the Pretrial Services Office submitted a report and recommendation.

21  **I.      Factual Background**

22          On July 11, 2011, Nevada Highway Patrol ("NHP") Trooper Eric Lee ("Trooper Lee")

23  observed Wendfeldt's vehicle, which was traveling in the outside lane of Highway 80, drive onto

24  the north fog line two or three times within one mile.  In his report, Officer Lee noted that the

25  _____

26          [1] Refers to the Court's docket entry number.

driver of the vehicle had violated Nevada Revised Statute ("NRS") 484.305,[2] which provides that "[i]f a highway has two or more clearly marked lanes for traffic traveling in one direction, vehicles must: (a) Be driven as nearly as practicable entirely within a single lane."  During the stop, Trooper Lee asked Wendfeldt a number of questions, mostly related to his occupation and travel plans. After nearly thirteen minutes, dispatch confirmed Wendfeldt's license and registration were in order, and Trooper Lee told Wendfeldt that he was free to leave.  As Wendfeldt walked back toward his car, Trooper Lee asked "can I search your vehicle?"  Wendfeldt responded "no sir." Trooper Lee then said "why don't you stand right over there," referring to a location away from Wendfeldt's vehicle and near the police vehicle.  Next, Trooper Lee returned to his patrol car and took out his canine "Petey" and then walked the dog around Wendfeldt's vehicle, where the dog positively alerted in the area of a passenger door.  Trooper Lee then detained Wendfeldt and applied for a search warrant.  A search of the vehicle yielded discovery of sixty-five grams of methamphetamine, plastic bags and a digital scale within a locked bag in the trunk of the vehicle.

On August 10, 2011, Wendfeldt was indicted by a federal grand jury on one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii).  Doc. #1.  On August 30, 2011, federal public defender Cynthia S. Hahn ("Hahn") was appointed counsel for Wendfeldt.  Doc. #11.  On February 2, 2012, Wendfeldt withdrew his previous plea of not guilty and entered a plea of guilty.  Doc. #20.

On May 11, 2012, the Court entered judgment against Wendfeldt and sentenced him to the mandatory minimum of 120 months imprisonment to be followed by five years' supervised release. Doc. #26.  The Court vacated this sentence pursuant to 18 U.S.C. § 2255 on November 7, 2014, on the grounds that Wendfeldt received ineffective assistance of counsel arising from counsel's failure to challenge the unlawful search of Wendfeldt's vehicle. The product of the search was the sole grounds upon which Wendfeldt's conviction and sentence was based.  Doc. #50.

---

[2]  NRS 484B.223(1) was substituted in revision for 484.305(1).

## II.      Legal Standard

When a district court grants a new trial after verdict or judgment, the United States can appeal the decision within thirty days.  18 U.S.C. § 3731.  The government can appeal a court's action under § 3731 if it is "tantamount to dismissal."  *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995).  When the government appeals a district court decision, the determination of whether the defendant shall be released or detained is treated in accordance with 18 U.S.C. § 3142, which regards release or detention of a defendant pending trial.  18 U.S.C. § 3143.  The Court shall release a defendant on personal recognizance "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  § 3142(b).  If the Court determines that release during appeal is appropriate, the Court can impose conditions on such release to "reasonably assure the appearance of the person as required" or reduce the risk of danger to the community.  § 3142(c). The Court shall order detention during appeal if it finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community."  § 3142(e)(1).

## III.      Discussion

The United States argues that the Court should keep Wendfeldt in custody while it considers an appeal because he was originally ordered by the magistrate judge to be detained pending trial due to a risk of nonappearance.  Doc. #10 at 2.  Specifically, the Court applied a presumption of detention due to the nature of Wendfeldt's alleged crime, noting that the Court had "no information regarding the defendant's family, financial, or employment ties to this or any community.  *Id.*

At the recent request of the Court, the Pretrial Services Office prepared a Report to the court regarding Wendfeldt's risk of nonappearance and potential danger to the community and concluded that Wendfeldt presented a risk of nonappearance but that conditions of release, and travel and residence restrictions, would reduce or eliminate this risk. The Pretrial Services Office thereupon

3

1  recommended that Wendfeldt be released on a personal recognizance bond with the following

2  conditions:

3       (1) Pretrial Services Supervision;
     (2) Refrain from the excessive use of alcohol;

4       (3) Refrain from the use or possession of controlled substances;
     (4) Submit to drug testing as directed by Pretrial Services;

5       (5) Actively seek and maintain lawful and verifiable employment and notify Pretrial
     Services prior to any change;

6       (6) Do not obtain a passport or any other travel documents;
     (7) Surrender any valid passport to Pretrial Services;

7       (8) Maintain residence with Wendfeldt's sister in Federal Way, Washington.

8  In light of the Court's Order vacating Wendfeldt's sentence (Doc. #50), and the Pretrial Services

9  report finding that the aforementioned conditions would reduce the risk of nonappearance or danger

10  to the community, the Court orders that Wendfeldt be released on a personal recognizance bond,

11  and imposes the conditions listed above.

12  **IV.    Conclusion**

13       IT IS THEREFORE ORDERED that Wendfeldt be released on a personal recognizance

14  bond with the eight conditions listed in this Order.

15       IT IS FURTHER ORDERED that the United States shall notify the Court whether it will

16  appeal the Court's Order vacating Wendfeldt's sentence within thirty (30) days of this Order.

17       IT IS FURTHER ORDERED that the Indictment in this action shall be dismissed if no

18  appeal is undertaken by the Government.

19       IT IS SO ORDERED.

20       DATED this 20th day of November, 2014.

21                                    LARRY R. HICKS
                                  UNITED STATES DISTRICT JUDGE

22

23

24

25

26

4